# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| STEPHEN GADBERRY, <br> Plaintiff, <br> vs. <br> BETHESDA HOSPITAL, INC., et al., <br> Defendants | Civil Action No. 1:07-cv-994 <br> Dlott, J. <br> Hogan, M.J. <br><br> **REPORT AND RECOMMENDATION** |

This matter is before the Court on the motion to dismiss of Bethesda, Inc. (an Employee Long-Term Disability Plan), Bethesda, Inc. (Plan Administrator), TriHealth, Inc. Long-Term Disability Benefit (An Employee Long Term Disability Plan) and TriHealth, Inc. (Plan Administrator) (collectively known as the TriHealth Defendants) (Doc. 11), plaintiff's memorandum in opposition (Doc. 13), and the TriHealth Defendants' reply memorandum. (Doc. 14).

Plaintiff brings this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et. seq. ("ERISA"), asserting an ERISA claim for benefits under 29 U.S.C. § 1132(a)(1)(B). Plaintiff, a former employee of Bethesda, Inc. and, later, TriHealth, Inc.[1], challenges the decision to terminate Long Term Disability Benefits under the Bethesda, Inc. Plan. Plaintiff names five defendants in the complaint: (1) Bethesda, Inc. Long Term Disability Plan; (2) Bethesda, Inc. as Plan Administrator; (3) Unum Life Ins. Co. ("UNUM"); (4) TriHealth, Inc. Group Long Term Disability Benefit Plan; and (5) TriHealth, Inc. as Plan Administrator. The TriHealth Defendants seek dismissal of this action contending they are not proper party

---

[1] Bethesda Hospital and Good Samaritan Hospital merged to form TriHealth. (Doc. 1, ¶5).

defendants. Plaintiff now agrees that Defendant TriHealth, Inc. Group Long Term Disability Benefit Plan should be dismissed (Doc. 13 at 1), but contends that Bethesda, Inc. Long Term Disability Plan is a proper defendant and that it is premature to dismiss Bethesda, Inc. as Plan Administrator and TriHealth, Inc. as Plan Administrator without an opportunity for discovery.

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal for failure to state a claim for relief, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S.Ct. 2197 (2007) (citations omitted).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, (1974). *See also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). In *Twombly*, the Supreme Court explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969.[2] The plaintiff's ground for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405-06 (6th Cir. 1998) ("court need not accept as true legal

---

[2]The *Twombly* Court made it plain that courts should no longer use the language of *Conley v. Gibson*, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that which would entitle him to relief," when evaluating whether a complaint can withstand a dismissal motion. *Twombly*, 127 S.Ct. at 1968 (quoting *Conley*, 355 U.S. at 45-46).

conclusions or unwarranted factual inferences"). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."*Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 127 S.Ct. at 1965 (citations omitted). While the complaint need not contain "heightened fact pleading of specifics," it must provide "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Id.* at 1974.

Plaintiff applied for and received long-term disability benefits under the Bethesda, Inc. Long Term Disability Plan ("Plan"). (Doc. 1, ¶ 16). By letter dated September 22, 2006, UNUM terminated plaintiff's benefits. (Doc. 1, ¶ 20; Doc. 1, Exh. A). Plaintiff alleges that UNUM improperly terminated his long-term disability benefits and seeks retroactive benefits and other costs and fees pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). (Doc. 1, ¶30).

The issue in this case is whether the Bethesda, Inc. Plan, Bethesda, Inc. Plan Administrator, and Trihealth, Inc. Plan Administrator are proper party defendants. Some courts have held that the ERISA plan is the only proper defendant in a claim for benefits. *See Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996) ("ERISA permits suits to recover benefits only against the Plan as an entity...."); *Lee v. Burkhart*, 991 F.2d 1004, 1009 (2d Cir. 1993) (same); *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir. 1985) (same). While the Sixth Circuit has not addressed the precise question of whether the plan is a proper party defendant, the Court of Appeals has determined that an employer or plan administrator who controls the administration of the plan or is responsible for benefits decisions

3

may be a proper party defendant. *See Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir.), *cert. denied*, 488 U.S. 826 (1988). *See also Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 438 (6th Cir. 2006) (holding that proper party defendant was insurance company which administered claims for employee welfare benefits and which had authority to grant or deny claims, but not employer who had no control or influence over decision to deny benefits).

Although the Sixth Circuit has recognized that a proper party defendant to an ERISA claim for benefits under Section 1132(a)(1)(B) is the person or entity which administers benefit claims on behalf of the plan, *Daniels*, 839 F.2d at 266, the TriHealth Defendants have cited no cases showing that the Plan itself is an improper party defendant.

This Court has found only one district court case within the Sixth Circuit precisely addressing this issue. In *Sullivan v. Cap Gemini Ernst & Young U.S.*, __ F. Supp.2d __, 2008 WL 3978670 (N.D. Ohio 2008), the district court determined that the statutory language of ERISA, coupled with the inferences to be drawn from Sixth Circuit cases involving claims against plans and administrators, led to the conclusion that the plan is a proper party defendant:

> The Plan argues that it is not a proper defendant in this action, asserting that Sullivan's former employer, CGEY, which professes to be the plan administrator, is the only appropriate defendant. In support of this contention, the Plan cites the Sixth Circuit's statement that "[u]nless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits." *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir.) (citation omitted), *cert. denied*, 488 U.S. 826 (1988).
>
> \*
> \*
> \*
>
> While 29 U.S.C. § 1132(d)(1) alone does not establish conclusively that a plan is a proper party defendant to an action under § 1132(a)(1)(B) to recover benefits, the statutory scheme, when viewed collectively, persuades the Court that the Plan is an appropriate defendant in this action. Section 1132(a)(1)(B), which establishes the right of action invoked here by Sullivan, provides that "[a] civil

4

> action may be brought by a participant or beneficiary to recover benefits due to
> him under the terms of his plan, to enforce his rights under the terms of the plan,
> or to clarify his rights to future benefits under the terms of the plan[.]" Moreover,
> § 1132(d)(2) provides that any judgment obtained in such an action is enforceable
> only against the plan. Thus, ERISA establishes clearly that a plan is a separate
> legal entity subject to suit, and that any judgment rendered in an action for
> benefits under § 1132(a)(1)(B) is enforceable only against the plan. These
> provisions, coupled with the persistent references to the "plan" in the subsection
> creating the cause of action, convince the Court that the plan is an appropriate
> defendant in this action, where Sullivan asserts a claim for benefits under §
> 1132(a)(1)(B) seeking benefits to which she asserts entitlement under the terms of
> the LTD Plan.

*Sullivan*, 2008 WL 3978670, **5-6 (footnote omitted). The *Sullivan* court further noted that there are a number of Sixth Circuit cases addressing "the merits of a claim for benefits against a plan where an entity other than the plan, whether the sponsoring employer or unrelated third-party, served as the administrator" without "even a hint that the plan was not a proper party to the action because it was not the administrator." *Sullivan*, 2008 WL 3978670, *6 (citing *Univ. Hosps. of Cleveland v. Emerson Elec. Co.*, 202 F.3d 839 (6th Cir. 2000); *Wulf v. Quantum Chem. Corp.*, 26 F.3d 1368 (6th Cir. 1994); *Tiemeyer v. Cmty. Mut. Ins. Co.*, 8 F.3d 1094 (6th Cir. 1993)). The *Sullivan* Court concluded that based on the language of the statute and the Sixth Circuit cases cited, the plan was a proper party defendant. *See also Novak v. Regions Mortg.*, 2006 WL 208577, *2 (E.D. Tenn. 2006) (stating that "a plaintiff bringing an action to recover benefits under the terms of an employee benefit plan may sue the plan as an entity. 29 U.S.C. § 1132(d)(1)"); *International Union v. Auto Glass Employees Federal Credit Union*, 858 F. Supp. 711, 723 (M.D. Tenn. 1994) ("The proper defendants are the employee benefit plan itself and the trustees who administer the plan. . . .") (citations omitted).

The undersigned is persuaded by the reasoning of the *Sullivan* court. In the absence of

5

any authority to the contrary, the undersigned concludes that Bethesda, Inc. Plan is a proper party defendant in this action and should not be dismissed.

Nevertheless, the Court agrees with the TriHealth Defendants that the complaint against Bethesda, Inc. (Plan Administrator) and TriHealth, Inc. (Plan Administrator) should be dismissed. The Sixth Circuit has distinguished between *plan* administrators and *claim* administrators in determining proper party defendants in an ERISA action. In *Moore v. LaFayette Life Ins. Co.*, 458 F.3d 416 (6th Cir. 2006), the Court of Appeals upheld the district court's conclusion that MTA, the employer, was not a proper defendant for a claim for benefits because MTA did not participate in the decision to deny the plaintiff benefits under either the short term or long term disability policy. Instead, Lafayette Life Insurance Company, as the claims administrator, was the proper party defendant for the denial of benefit claim:

> When an insurance company administers claims for employee welfare benefit plans and has authority to grant or deny claims, the insurance company is a "fiduciary" for ERISA purposes. *See Libbey-Owens-Ford Co. v. Blue Cross & Blue Shield Mut. of Ohio*, 982 F.2d 1031, 1035 (6th Cir. 1993). An employer who does not control or influence the decision to deny benefits is not the fiduciary with respect to denial of benefit claims. *Chiera v. John Hancock Mut. Life Ins. Co.*, 3 Fed. Appx. 384, 389 (6th Cir. 2001) (unpublished decision) ("Defendant [insurance company] is a fiduciary for purposes of ERISA inasmuch as it had a role in administering the plan because it had authority to accept or reject claims for losses under the group insurance policy as evidenced by the rejection letter that it sent to Plaintiff in response to her attorney's letter.")
>
> Here, despite some initial confusion over proper ERISA titles, Lafayette and MTA agreed early on in the litigation that while MTA is the *plan* administrator, Lafayette is the *claims* administrator and exercised full authority in adjudicating Plaintiff's claim for benefits. It was Lafayette who made a decision with respect to Plaintiff's benefits, not MTA. Lafayette, and not MTA, is therefore the proper party defendant for a denial of benefits claim by Plaintiff. *See Kennard v. Unum Life Ins. Co.*, No. 01-217-B-K, 2002 WL 412067, at *1-3, 2002 U.S. Dist. LEXIS 4467, at *4-6 (D. Me. Mar. 14, 2002) (unpublished opinion) (dismissing employer from benefits suit when insurance company, and not employer, made benefit

6

decisions). The district court did not err in dismissing MTA from Plaintiff's suit
for benefits.

*Moore*, 458 F.3d at 438. *See also Daniel,* 839 F.2d at 266 ("Unless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits."); *Garringer v. Employer Ben. Services of Ohio, Inc.*, 2008 WL 3822311, *3 (S.D. Ohio 2008) ("[I]n the Sixth Circuit, the proper party defendant in an ERISA action concerning benefits is the party that is shown to control administration of the plan.") (quoting *Little v. UNUM Provident Corp.,* 196 F. Supp.2d 659, 672 (S.D. Ohio 2002)); *Strickrath v. The Hartford Insurance Co.,* No. C-2-06-1080, 2008 WL 835686, *6 (S.D. Ohio Mar. 28, 2008) (only properly named defendant was insurance company which served as claims administrator of long term disability plan).

In this case, the Plan language and declaration of Nancy Garrison, the Director of Benefits & HRIS for TriHealth, Inc., point to the unmistakable conclusion that neither plan administrator played any role in terminating plaintiff's benefits. Plaintiff's citations to the record indicating that the Plan Administrators had "some involvement in the claims process" (Doc. 13 at 6) show that TriHealth was informed about the status of the claims process and was asked to provide payroll and non-medical eligibility information required to process plaintiff's claim for benefits. (Doc. 14 at 6, citing AR 165-66, 645, 518, 453, 448-51). However, none of those citations indicate that the Plan Administrators had any say in whether plaintiff was "disabled" under the Plan or played any role in determining plaintiff's eligibility for disability benefits under the Plan. (*Id.*; *see also* Doc. 14, Suppl. Decl. of Nancy Garrison at ¶¶2-3). The Supplemental Garrison Declaration states that "UNUM is the only entity that has discretion, authority and control over

7

the decision to grant or deny benefits under the Plan." (Doc. 14, Suppl. Decl. of Nancy Garrison at ¶2). The supplemental declaration also states, "Neither TriHealth, Inc. nor Bethesda, Inc. provide[s] UNUM with any input on whether benefits should be granted or denied at any point in the process. Nor do TriHealth, Inc. or Bethesda, Inc have the authority to reverse any benefits decisions made by UNUM." (Doc. 14, Suppl. Decl. of Nancy Garrison at ¶4). While TriHealth, Inc. or Bethesda, Inc may have administered certain provisions of the plan, there is no evidence TriHealth, Inc. or Bethesda, Inc had any decision-making authority to grant or deny long term disability benefits in this case. "Under ERISA a person is a fiduciary only with respect to those aspects of the plan over which he or she exercises authority or control." *Moore,* 458 F.3d at 438 (citing *Grindstaff v. Green,* 133 F.3d 416, 426 (6th Cir. 1998)). Since there is no evidence that the Plan Administrators exercised authority or control over the disability decision-making process, they cannot be considered fiduciaries with respect to those aspects of the Plan.

The Plan language further supports the conclusion that UNUM was the only entity with discretion, control and authority over the decision to grant or deny benefits under the Plan:

> The Plan, acting through the Plan Administrator, delegates to Unum and its affiliate UnumProvident Corporation discretionary authority to make benefit determinations under the Plan. [Unum] and UnumProvident Corporation may act directly or through their employees and agents or further delegate their authority through contracts, letters or other documentation or procedures to other affiliates. Benefit determinations include determining eligibility for benefits and the amount of any benefits, resolving factual disputes, and interpreting and enforcing the provisions of the Plan.

(Doc. 6 at AR 11). The Plan also states that while "[t]he Plan is administered by the Plan Administrator," "[b]enefits are administered by the insurer and provided in accordance with the insurance policy issued to the Plan." (Doc. 6 at AR 663). Plaintiff has pointed to no Plan

8

language to the contrary or any other evidence suggesting that the Bethesda, Inc. or TriHealth, Inc. Plan Administrators played any role in determining plaintiff's claim for benefits. Plaintiff's unsupported belief that discovery on this issue may reveal a contrary conclusion is insufficient to permit discovery on this issue. The Court recommends that plaintiff's request that this matter be held in abeyance to allow plaintiff to engage in limited discovery as to the involvement of TriHealth, Inc. or Bethesda, Inc. as Plan Administrators should be denied. *See Moore*, 458 F.3d at 431 ("until a due process violation is at least colorably established, additional discovery beyond the administrative record into a plaintiff's denial of benefits claim is impermissible").[3]

**IT IS THEREFORE RECOMMENDED THAT:**

1. The motion to dismiss of Bethesda, Inc. (an Employee Long-Term Disability Plan) be **DENIED**.

2. The motion to dismiss of Bethesda, Inc. (Plan Administrator), Trihealth, Inc. Long-Term Disability Benefit (An Employee Long Term Disability Plan) and TriHealth, Inc. (Plan Administrator) (Doc. 11) be **GRANTED**.

Date: 10/15/08

Timothy S. Hogan
United States Magistrate Judge

---

[3]The Court in its review of a denial of ERISA benefits is confined "to the evidence contained in the administrative record." *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 618 (6th Cir. 1998). *See also Killian v. Healthsource Provident Administrators*, 152 F.3d 514, 522 (6th Cir. 1998); *Wulf v. Quantum Chemical Corp.*, 26 F.3d 1368, 1376 (6th Cir. 1994). "The only exception to the above principle of not receiving new evidence at the district court level arises when consideration of that evidence is necessary to resolve an ERISA claimant's procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Id.*, citing *VanderKlok v. Provident Life and Accident Ins. Co., Inc.*, 956 F.2d 610, 617 (6th Cir. 1992)(insured permitted to present new evidence because the administrator failed to provide insured with proper notice as required by the administrative hearing procedures). The *Wilkins* Court went on to state, "This also means that any prehearing discovery at the district court level should be limited to such procedural challenges." *Id.* at 619.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

STEPHEN GADBERRY,
Plaintiff,

vs.

BETHESDA HOSPITAL, INC., et al.,
Defendants

Civil Action No. 1:07-cv-994
Dlott, J.
Hogan, M.J.

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).